Submitted December 7, 2012, reversed and remanded February 6, 2013

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**FRANK MACE BEAUDREAU,**
*Defendant-Appellant.*

Washington County Circuit Court
C102722CR; A148323

296 P3d 623

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Douglas F. Zier, Senior Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

PER CURIAM

## PER CURIAM

Defendant was stopped because his vehicle displayed expired registration tags. The officers who initiated the stop issued defendant a warning about the tags and later asked for consent to look inside a sunglasses case in the vehicle's center console. Defendant refused to consent to the search, at which point one of the officers implied that he could cite defendant for additional, undisclosed traffic violations if defendant continued to refuse consent. Defendant consented to the search, and the officers found a pipe that, in turn, led to the discovery of evidence of methamphetamine. Based on that evidence, defendant was charged with possession of methamphetamine, ORS 475.894.

Defendant moved to suppress the evidence discovered after his consent, arguing, among other contentions, that the state had failed to prove that his consent was voluntary. The court denied the motion, and defendant was convicted after a trial on stipulated facts. He now appeals, reiterating his argument regarding his consent—*i.e.*, that it was coerced by the threat to cite him for additional violations and the state failed to prove that the officer lawfully could have carried out that threat. The state, for its part, now concedes that there is no basis in the record to conclude that the officer had probable cause to issue additional citations, and, consequently, that the court erred in denying the motion to suppress. We agree with and accept the state's concession.

Reversed and remanded.